[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this appeal from probate, the plaintiffs have moved (#111) to disqualify the law firm of Cummings Lockwood from representing the defendant, Attorney Philip Drake, as executor of the estate of George Terrien, deceased. The plaintiffs, Arm Dowdle Terrien Closkey, John Dowdle and James Dowdle, are stepchildren of the decedent, George Terrien, who died on December 27, 1992, a resident of Greenwich.
The plaintiffs filed a claim against the estate alleging that prior to his death, the decedent had promised to leave his estate in equal shares to the three plaintiffs, plus several other children of Georgeann Skakel, to whom the decedent was married and who predeceased the decedent. The plaintiffs further contend that the decedent broke his promise because his will of February 5, 1992, executed approximately eleven months prior to his death, left his entire residuary estate to two universities, Harvard and Virginia. On November 3, 1995, the Greenwich Probate Court rejected the claims filed by the plaintiffs on the basis of a report and recommendation of a commissioner appointed pursuant to General Statutes § 45a-364, and the plaintiffs then appealed to this court in accordance with General Statutes § 45a-186(a).
The plaintiffs contend that two different sections of the CT Page 5261-OOO Rules of Professional Conduct require the disqualification of Cummings Lockwood as counsel to the executor of the decedent's estate. The executor is a partner of that law firm. The first section is Rule 1.7(b), which provides that a lawyer shall not represent a client if such representation will be "materially limited" by the lawyer's "own interests." In other words, the lawyer's own interests must not interfere with the duty of loyalty owed to the client. In this case, the law firm owes its client, Attorney Drake, as executor, a duty of loyalty. The plaintiffs claim that the law firm is and will continue to be motivated by its own interests in obtaining legal fees. However, the plaintiffs have not made any showing that Cummings Lockwood has any interests that are adverse to its client, Attorney Drake. In fact, their interests appear to be the same.
Another argument advanced by the plaintiffs is that because they are suing Cummings Lockwood in a separate pending action in this court regarding the conduct of the law firm, including Attorney Drake, in connection with the execution by the decedent of his new 1992 will, the law firm will have no incentive to settle this present case, but again it is difficult to discern the basis for an alleged violation of Rule 1.7(b) on the part of the law firm in the sense that the firm's duty of loyalty to the executor is impaired because of the existence of a separate law suit. Clearly, the right of the executor to freely select counsel of his own choice outweigh's the plaintiffs' concerns.
The second ground for disqualification is Rule 3.7 of the Rules of Professional Conduct which precludes an attorney from representing a client where the attorney is going to be a witness. In this present case, the plaintiffs indicate that Attorney Drake, as well as another partner in the firm, will be called as witnesses. The issue is whether this fact precludes Attorney Drake from retaining his own law firm to represent him as executor, when he will be a witness, but will not be trial counsel. Rule 3.7(b) provides that "[a] lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9." Rule 1.7 has already been discussed and the conclusion was that this rule is not violated by Cummings Lockwood's representation of the executor of the George Terrien Estate. Rule 1.9 concerns representation of a former client and is not relevant to this case. Since Rule 1.7 has not been violated, Rule 3.7(b) is not violated. CT Page 5261-PPP
Since neither of the Rules of Professional Conduct cited by the plaintiffs has been found to be applicable, their motion to disqualify Cummings Lockwood from representing its partner, Attorney Drake, in his capacity as executor of the estate of George Terrien, is denied.
So Ordered.
Dated at Stamford, Connecticut, this 5th day of August, 1996.
William B. Lewis, Judge